■ In the Matter of NATHAN S., a Person Alleged to be a Juvenile Delinquent, Appellant. In the Matter of MICHAEL H., a Person Alleged to be a Juvenile Delinquent, Appellant. — Orders of disposition of the Family Court, New York County (Miller, J.), entered on February 20, 1981, adjudicating appellants juvenile delinquents and suspending judgment on condition that appellants remain outside the State of New York for a period of one year, unanimously modified, on the law, to the extent of striking the condition that appellants remain outside of New York for a period of one year, and remanding both matters for proper disposition, and otherwise affirmed, without costs. The

sole question on these appeals is whether the Family Court properly banned appellants from this State for a period of one year. No questions are presented concerning the fact-finding hearing or the adjudication of appellants as juvenile delinquents. Appellant, Nathan S., was 15 years old and a resident of the State of New Hampshire when he entered a plea of guilty to possession of a weapon. Prior to the dispositional hearing, appellant was placed with the New Hampshire Youth Development Center for a violation of probation. Appellant, Michael H. was 14 years old and a resident of the State of New Jersey when he entered a plea of guilty to possession of a weapon and possession of a controlled substance. In addition, this appellant was subject to the control of the New Jersey Department of Probation for a car theft in that State. There is no question that the Family Court can conditionally suspend a judgment for a term of one year (Family Ct Act, § 755). In the case where the court suspends a judgment, at least one condition must be attached thereto (22 NYCRR 2507.10 [a]). It is to these rules that we direct our analysis. As is pertinent, paragraph (6) permits the court to direct a juvenile delinquent to "abstain from visiting designated places". Paragraph (15) allows the court greater discretion to impose "other reasonable terms and conditions * * * to be necessary or appropriate to ameliorate the conduct which gave rise to * * * the petition" (22 NYCRR 2507.10 [a] [15]). However, the record is not clear whether the court was directing these appellants to remain out of the State of New York or whether the court meant the City of New York. A directive to remain out of the State of New York for a period of one full year would seem to be overbroad and unreasonable. Accordingly, this court remands these matters to the Family Court for the purpose of establishing more reasonable conditions directed to obtaining such goal as the court may deem appropriate. The court feels constrained to indicate that in every instance wherein a defendant may have the *right* to appeal, the exercise of this right may not necessarily be in the best interests of the client. Here we have two cases where an experienced Family Court Judge fashioned a remedy which would keep these appellants from being incarcerated, while at the same time under the supervision of their individual jurisdictions. The end result to this appeal may very well be that appellants will be placed in a facility upon conclusion of the dispositional hearing directed herein. If this result were to materialize, the victory would be a "pyrrhic victory" in the truest sense of that phrase. Concur — Kupferman, J. P., Birns, Ross, Lupiano and Silverman, JJ.